# UNITED STATES DISTRICT COURT



FILED

JUL 1 0 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

for the

Eastern District of Texas

Tyler Division

Sarah Ann Johnson,

*Plaintiff*

-V.-

FedEx Ground Package System, Inc.,

*Defendant*

Civil Action No. _6:26-CV-333_

_Judge Love_

Continuation of Section III, Part E

Facts of my case are as follows:

Claim 2-Retaliation

4. After I reported my workplace injury, provided medical documentation, and communicated with FedEx regarding my work restrictions and return to work, my employment was terminated (on or about July 8, 2025).

5. I filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation (on or about September 2, 2025). The EEOC issued a Notice of Right to Sue (on or about April 30, 2026), and I am filing this action within the time allowed by law.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

| Texas Workforce Commission, Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Sarah Johnson** | Home Phone *(Incl. Area Code)*<br>**(903) 262-8836** | Date of Birth<br>**04/18/1986** |
|---|---|---|

| Street Address<br>**1314 W Shaw St, Tyler. TX 75701** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**FedEx Ground Package System, Inc.** | No. Employees, Members<br>**15+** | Phone No. *(Include Area Code)*<br>**(903) 531-1400** |
|---|---|---|

| Street Address<br>**800 Lindale Industrial Pkwy, Tyler, TX 75706** | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER | Earliest          Latest<br>**07/05/2025**<br><br>☒ CONTINUING ACTION |

**Statement of Harm:**

On or about June 30, 2025, I was unloading a trailer filled with "HelloFresh" boxes that had not been properly stacked when the boxes collapsed and struck the top of my head, neck, and right shoulder. I promptly reported the injury to my manager, Natalie Ochoa (Manager), who directed me to report it to Jr (Operations Supervisor). Though I attempted to return to work, I soon developed nausea, a headache, and ringing in my ears. I again informed Ms. Ochoa that I was unwell and was sent to the emergency room. At the hospital, I was verbally informed that I would be given two days off, although the written note released me to return the following day. No imaging was conducted. I informed Ms. Ochoa of the discrepancy and was advised to follow up with another medical professional who placed me on light duty restrictions (no lifting over 10 pounds, no squeezing or grasping, and no shifts longer than 8 hours) through on or around July 17, 2025. I was diagnosed with cervical paraspinal muscle sprain and referred to X-rays and physical therapy.

On or about July 1, 2025, I submitted medical documentation excusing me from work on or about July 2 and 3, 2025. I sent this documentation to both Ms. Ochoa and Jr via text message. Jr responded, "*Understood. Thank you.*" On or about July 2, 2025, I also sent my work restrictions to Ms. Ochoa, who had stopped responding to my messages.

On or about July 5, 2025, I discovered that I no longer had access to the company's scheduling system. Jr informed me that I was removed from the schedule due to a pending termination for two no call/no shows on or about July 1 and 2. I explained that I had sent a doctor's note excusing those dates and had been actively trying to communicate with management.

*Continued on Page 2*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 2, 2025      *Sarah Johnson*<br>───────────────────────────────────<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:     Agency(ies) Charge No(s):<br><br>☐ FEPA<br>☒ EEOC |
| --- | --- |

| Texas Workforce Commission, Civil Rights Division | and EEOC |
| --- | --- |
| *State or local Agency, if any* | |

**Continued from Page 1**

I asked whom to contact to clear up the confusion, and Jr directed me to David Gore (Senior Warehouse Manager). I attempted to contact Mr. Gore by phone and in person, but he remained unavailable. On or about July 7, 2025, I texted Mr. Gore, who responded that the team would "look into it."

On or about July 8, 2025, Jess San Miguel (Assistant Warehouse Manager) called me and berated me. Ms. San Miguel nevertheless informed me that I was terminated for two no call/no shows. I reiterated that I had provided medical documentation for both days and Ms. San Miguel acknowledged the note covered at least one day but stated that they would "investigate." On or about July 11, 2025, I followed up with Ms. San Miguel, but I received no response.

I had no prior attendance or performance issues. FedEx Ground failed to follow its own progressive discipline policy and disregarded the interactive process. I was clearly able to perform the essential functions of my job with reasonable accommodations, yet FedEx Ground failed to engage in any interactive dialogue or explore potential accommodations. My termination occurred days after I reported my injury, submitted documentation of my medical restrictions, and provided work excuses. The absence of any prior discipline, failure to follow internal policy, and lack of engagement in the interactive process all support a strong inference of pretext and retaliatory animus in violation of my rights.

**Statement of Discrimination:**

I was discriminated against and retaliated against for exercising my protected rights in violation of title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*, and the Labor Code Chapter 21 §21.051 *et. seq.*, because of my disability.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| --- | --- |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Sep 2, 2025      *[signature]*<br><br>_____    _____<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website:

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/30/2026

**To:** Ms. Sarah Johnson
1314 W Shaw St
Tyler, TX 75701
Charge No: 450-2025-12092

EEOC Representative and email:   SHEMELL PERRY
SUPERVISORY INVESTIGATOR
SHEMELL.PERRY@EEOC.GOV

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2025-12092.

On behalf of the Commission,

**Shemell D. Perry** Digitally signed by Shemell D. Perry
Date: 2026.04.30 17:18:58 -05'00'

For Travis Nicholson
District Director

**Cc:**
Rob Haderlein
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108

Zachary Hammond
1000 Fedex Dr.
Moon Township, PA 15108

Eric Rogers Esq.
4890 W. Kennedy Boulevard, Suite 950
TAMPA, FL 33609


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to                                             .

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at                        (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2025-12092 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2025-12092 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to

For more information on submitted Section 83 requests, go to

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at                                          .